## ZAPF v A ACTION AUTOMOTIVE RELIABLE TRANSMISSION, INC.

Case No. 90-239AP (County Court Case No. 90-13688-SP05)

Eleventh Judicial Circuit, Dade County

November 15, 1991

### APPEARANCES OF COUNSEL

**Richard L. Zapf, Esquire,** pro se.

**Randolph Quentin Ferguson, Esquire,** for appellee.

Before GREENBAUM, KORNBLUM, TENDRICH, JJ.

### OPINION OF THE COURT

KORNBLUM, J.

Appellant delivered his automobile to the Appellee to fix the transmission.

When the repairs were completed, the Appellant paid for the work but refused to sign a work authorization or an estimate.

When Appellee refused to deliver the vehicle, the Appellant filed his complaint in Pre-Judgment Replevin pursuant to Chapter 78, F.S. Thereafter by amendment, Appellant sought damages for the loss of use of the vehicle.

A Writ Of Replevin was issued and the vehicle was seized and returned to the Appellant. The Appellee took no action to recover the vehicle under the statute.

Thereafter at Pre-Trial Conference, the Court granted Appellee's Motion To Dismiss, finding that Appellant was not entitled to damages for the loss of use of his vehicle in a Replevin Action. This finding is erroneous. See § 78.18 F.S. This Appeal is from the Order Dismissing The Claim For Damages.

It is urged by Appellee that the Court in dismissing the Claim found that the damages claimed by Appellant were too speculative. We have searched the record and have found no such determination.

Appellee further argues that Appellant has misconceived his remedy; that he should have sought relief under Chapter 559, F.S., where by posting a bond the Appellant could have obtained the immediate release of his vehicle.

We agree that Appellant should have proceeded under Chapter 559 F.S., but that was not Appellant's exclusive remedy.

The Appellant is entitled to an evidentiary hearing to determine if he sustained any damage in the loss of use of his vehicle, but since he was obliged to mitigate his damages, they should be limited to the loss suffered for the period of time between the Appellee's refusal to deliver the vehicle and the time the Appellant could have reasonably furnished a bond under Chapter 559 F.S.

Reversed and Remanded for proceedings consistent with this opinion.

TENDRICH and GREENBAUM, JJ., concur.